**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: March 7, 2016
Date Decided: March 8, 2016

Margaret M. DiBianca, Esquire
Emily V. Burton, Esquire
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

James S. Green, Sr., Esquire
Jared T. Green, Esquire
Seitz Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899

Re:    *Taghleef Industries, Inc. v. Pantaleon Henriquez III*,
Civil Action No. 11593-VCG

Dear Counsel:

This is my decision on Plaintiff's "Motion for Leave to Permit Witness to Testify at Trial via Live Video Stream" (the "Motion"). This matter is scheduled for a four-day trial commencing in two weeks. It has been scheduled for a considerable period of time. According to the Motion, both parties seek to call Detlef Schuhmann, the Plaintiff's Global CEO, as a trial witness. The Plaintiff moves, with the Defendant's consent, to seek to accommodate Schuhmann by examining him by remote video feed from London, England, which testimony would be presented live at trial.

This Court requires examination of witnesses at trial so that the Court may evaluate their demeanor and credibility. The use of a live video feed, in my experience, is an awkward and inadequate substitute. That is not to say that, upon a

showing of good cause, this Court will not so accommodate a party, where its witnesses are otherwise unable to appear.

The Plaintiff's Motion indicates that "Dr. Schuhmann desires to be present at trial and to give live testimony [but] he is . . . unable to do so because of his obligations in London during that time." It is entirely unclear what those "obligations" are or why they take precedence over his appearance to support the case of the Plaintiff, his employer, in this Court. It is the nature of trial appearance that it tends to be inconvenient and interfere with the obligations and pleasures of the daily life of witnesses called to testify. The unadorned statement that Schuhmann has conflicting obligations is entirely insufficient to justify a finding of good cause, particularly in light of the belated nature of the request.

Because in my experience examination by live video streaming is awkward and inefficient, and because good cause has not been shown to grant the Motion, the Motion is DENIED. If Schuhmann is unavailable, the parties may take his trial deposition by video, in which case I will review it in chambers. Otherwise, he should appear. To the extent the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

2